UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ESPARZA CARBAJAL,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>    Defendant. | No. 1:20-cv-01157-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 22)** |

**I.      Introduction**

Plaintiff Guadalupe Esparza Carbajal ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act. The matter is before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[1] *See* Docs. 22, 25, 26. After reviewing the record the Court finds that substantial evidence and applicable law support the ALJ's decision. Plaintiff's appeal is therefore denied.

**II.     Factual and Procedural Background[2]**

On January 9, 2017 Plaintiff applied for benefits alleging disability as of December 13, 2015. AR 240–41. The Commissioner denied the applications initially on April 25, 2017, and on reconsideration on December 13, 2017. AR 92, 104. Plaintiff requested a hearing which was held before an Administrative Law Judge (the "ALJ") on October 24, 2019. AR 33. On November 5, 2019 the ALJ issued a decision denying Plaintiff's application. AR 12–32. The Appeals Council

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. *See* Docs. 7 and 10.

[2] The Court has reviewed the administrative record including the medical, opinion and testimonial evidence, about which the parties are well informed. Relevant portions thereof will be referenced in the course of the analysis below when relevant to the arguments raised by the parties.

denied review on July 10, 2020. AR 1–6. On August 18, 2020 Plaintiff filed a complaint in this Court. Doc. 1.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a

sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

### IV. The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 13, 2015. AR 17. At step two the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, peripheral neuropathy, and degenerative joint disease of the ankles and feet. AR 17. The ALJ also determined at step two that Plaintiff had the following non-severe impairments: hypertension, patellar tendonitis of the right knee, degeneration of the right medial meniscus, plantar fasciitis, and dermatitis. AR 18. At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18.

Prior to step four the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform medium work as defined in 20 CFR 404.1567(c) with various postural limitations; frequent performance of manipulative activities; no exposure to unprotected heights, frequent exposure to environmental extremes, respiratory irritants, and dangerous machinery. AR 18–22. At step four the ALJ concluded that, considering her RFC, Plaintiff could perform her past relevant work as a general house-worker. AR 23–26. At step five,

in the alternative, the ALJ concluded that Plaintiff could perform other jobs existing in significant numbers in the national economy at the medium exertional level, namely kitchen helper, meat clerk and dining room attendant. AR 24. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time since her alleged disability onset date of December 13, 2015. AR 24.

### V. **Issues Presented**

Plaintiff asserts one claim of error: that the ALJ erred in rejecting her subjective symptomology without clear and convincing reasons.

#### A. **Applicable Law**

Before proceeding to step four, the ALJ must first determine the claimant's residual functional capacity. *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

A determination of residual functional capacity is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2) (RFC is not a medical opinion), 404.1546(c) (identifying the ALJ as responsible for determining RFC). "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins,* 466 F.3d at 883. *See also* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity determined based on all relevant medical

and other evidence). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

The ALJ is also responsible for determining credibility,[3] resolving conflicts in medical testimony and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). A claimant's statements of pain or other symptoms are not conclusive evidence of a physical or mental impairment or disability. 42 U.S.C. § 423(d)(5)(A); Soc. Sec. Rul. 16-3p.

An ALJ performs a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281; S.S.R 16-3p at 3. First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014; *Smolen*, 80 F.3d at 1281–82. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ must "evaluate the intensity and persistence of [the claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." S.S.R. 16-3p at 2.

An ALJ's evaluation of a claimant's testimony must be supported by specific, clear and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also* S.S.R. 16-3p at *10. Subjective pain testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261

---

[3] Social Security Ruling 16-3p applies to disability applications heard by the agency on or after March 28, 2016. Ruling 16-3p eliminated the use of the term "credibility" to emphasize that subjective symptom evaluation is not "an examination of an individual's character" but an endeavor to "determine how symptoms limit ability to perform work-related activities." S.S.R. 16-3p at 1-2.

F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

The ALJ must examine the record as a whole, including objective medical evidence; the claimant's representations of the intensity, persistence and limiting effects of his symptoms; statements and other information from medical providers and other third parties; and any other relevant evidence included in the individual's administrative record. S.S.R. 16-3p at 5.

### B.     Analysis

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and found no malingering. AR 22. Thus, the ALJ was required to articulate clear and convincing reasons for rejecting Plaintiff's reported symptoms. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017).

Plaintiff offers 1.5 pages of substantive argumentation in her 7-page opening brief, and 1 additional page in her 2-page reply brief. She highlights the following testimony which she contends should have been credited as true: that Plaintiff's back pain makes it hard to lift; she gets pain in her knee; she can only sit for thirty minutes before having to get up; she can only walk two hundred feet before needing to stop and take a break; she can lift no more than five pounds; she has pain burning pain in her hips radiating to her feet; she has constant low back pain and right leg numbness; she has right knee pain with swelling and locking; she has right foot numbness; bending, climbing, sitting, standing, pivoting, and squatting increase her pain. Br. at 7, Doc. 22 (citing AR 53, 58, 840, 849, 931, 937, 954).

To start, Plaintiff disputes the ALJ's rejection of her testimony that her ability to bend is "affected." The statement in question is from the function report which asked the claimant to "check any of the following items your illness, injuries, or conditions affect." She indicated that her ability to bend was affected, among other functions. AR 321. The ALJ rejected this testimony based on Dr. Wagner's examination in which Plaintiff was able to easily bend at the waist to remove

her shoes and socks and put them back on. AR 22. Subjective pain testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

Plaintiff contends that the ALJ's reasoning was not clear and convincing because "Dr. Wagner's assessment is based on Plaintiff's ability to bend at the waist one time, not repetitively or multiple times throughout the day." Br. at 6. Plaintiff's argument misconstrues the burden of proof. Plaintiff has the burden to prove the existence of disabling limitations; the ALJ does not have the burden to disprove the same. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). Plaintiff is correct that Dr. Wagner's observations do not establish that she could bend over repeatedly throughout the day. However, that is not dispositive of the issue at hand, namely whether the ALJ identified clear and convincing reasons for rejecting Plaintiff's testimony that she had difficulty bending over. That testimony is undermined be Dr. Wagner's observation that she bent over without difficulty. *See Valentine v. Commissioner Social Sec. Admin*., 574 F.3d 685, 693 (9th Cir. 2009) (finding the ALJ satisfied the "clear and convincing" standard for an adverse credibility determination where claimant engaged in "gardening and community activities . . . evidence [which] did not suggest Valentine could return to his old job," but "did suggest that Valentine's later claims about the severity of his limitations were exaggerated.").

Moreover, the ALJ did not find that Plaintiff could bend over without limitation. Rather, she limited Plaintiff to frequent bending (stooping no more than two-thirds of an eight-hour day), a limitation which did not preclude performance of past work or other work in the national economy according to the VE. Her testimony that her ability to bend was "affected," even if credited as true, would not necessarily establish that she was limited to bending less than two-thirds of an eight-

hour day. *See Juniel v. Saul*, No. 1:20-CV-0421 JLT, 2021 WL 2349878, at *7 (E.D. Cal. June 9, 2021) ("Plaintiff fails to show this limitation to which he testified—and the ALJ acknowledged remained in the treatment records—was not properly accounted for in his residual functional capacity . . .).

Plaintiff also takes issue with the ALJ's rejection of her testimony that she had difficulty standing and could walk no more than 200 feet without stopping. Br. at 6. The ALJ discredited Plaintiff's testimony as inconsistent with a clinical examination noting normal gate. AR 22. The ALJ also underscored reports that she cleans, drives, shops, independently performs activities of daily living, walks for exercise, and reported that she was standing on her feet for eight hours. AR 22. As to the latter point, the ALJ cited a primary physician's progress report which noted under interim history that "patient has gone back to work she is at a different job she is standing on her feet for 8 hours." AR 820.

In her reply brief, Plaintiff dismisses the same as only evidence of a failed work attempt. Plaintiff underscores that the ALJ found she did not engage in substantial gainful activity after the alleged onset date. Even though the attempt to return to work did not satisfy the criteria for substantial gainful activity at step one, Plaintiff cites no authority for the proposition that the ALJ is prohibited from considering the attempt to return to work at subsequent stages of the analysis to the extent it is probative of her RFC.

Plaintiff does cite caselaw that an attempt to return to work "in and of itself . . . is not a sufficient basis for an ALJ's adverse credibility finding." Reply at 2 (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). Here, the ALJ did not cite the failed work attempt "in and of itself" as the basis for an adverse credibility finding. She also noted that Plaintiff demonstrated a normal gate during physical examination, reported daily activities including walking for exercise, and returned to work (albeit unsuccessfully) at which she was on her feet eight hours per day.

Granted, none of this evidence (independently or in combination) necessarily establishes that Plaintiff can stand and walk for a full eight-hour workday, but the evidence does undermine Plaintiff's contention that she had difficulty with sustained standing or walking more than 200 feet. *See Valentine*, 574 F.3d at 693 (clear and convincing standard satisfied where evidence did not establish the ability to work but did undermine claimant's testimony.)

Plaintiff also underscores a physician's progress note which reflects her complaint that she experienced pain when carrying her two-year-old granddaughter, and experienced pain in her knee which was worsened with "a lot of walking or prolonged driving." The fact that she told her physician as of June 2016 (after her injury) that she experiences pain when carrying her two-year-old grand daughter does not corroborate her testimony that she could lift no more than five pounds. AR 53. If anything, it tends to undermine her testimony as an average two-year-old weighs closer to twenty-five pounds.[4] She presumably did carry her two-year-old granddaughter to determine that it was painful to do so.

The remaining testimony Plaintiff underscores was more generalized statements of pain worsened by activity, including: burning pain in her hips radiating to her feet; constant low back pain and right leg numbness; right knee pain with swelling and locking; right foot numbness; pain worsened by bending, climbing, sitting, standing, pivoting, and squatting. Br. at 7, Doc. 22 (citing AR 53, 58, 840, 849, 931, 937, 954). Plaintiff does not explain why she believes the ALJ's assessed RFC is inconsistent with this testimony. The RFC is not a representation of the most a claimant can do while remaining completely pain free. To the contrary, the RFC is "the most you can still do despite your limitations." *See* 20 C.F.R. § 404.1545(a)(1). Thus, generalized statements of pain worsened with activity are not statements which, if credited as true, would mandate the inclusion of work-preclusive limitations in the RFC. If the inference to be drawn from Plaintiff's testimony

---

[4] *See* CDC Growth Chart, available at https://www.cdc.gov/growthcharts/data/set1clinical/cj41l018.pdf

was that her pain was sufficiently debilitating so as to preclude performance work functions the ALJ found she could perform, Plaintiff failed to meet her burden on appeal to explain why such an inference was to be drawn. Rather, Plaintiff provided a three paragraph critique of the ALJ's reasoning with minimal affirmative attempt to explain what specific limitations she thinks ought to have been included in the RFC and why.

Moreover, the brief paragraph the ALJ directed specifically toward Plaintiff's testimony was not the only discussion of relevance in the ALJ's opinion. For example, in addressing the medical opinion evidence, the ALJ noted examinations showing full motor strength in the extremities, normal balance, ability to get on and of the examination table, the ability to easily walk on heels and toes, normal diabetic foot screen, and mild symptoms of diabetic neuropathy. AR 19. Those facts also tend to undermine the severity of Plaintiff's alleged standing and walking limitations.

The ALJ identified clear and convincing reasons for rejecting Plaintiff's testimony, namely inconsistency with her admitted activities of daily living (cooking, cleaning, driving, shopping, and walking for exercise), clinical examinations noting normal gate and bending without difficulty, and other statements in the record including that she was on her feet eight hours a day.

**VII.    Conclusion and Order**

For the reasons stated above, the Court finds that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is denied. The Clerk of Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, acting Commissioner of Social Security, and against Plaintiff Guadalupe Esparza Carbajal.

IT IS SO ORDERED.

Dated: **January 14, 2022**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE